### In the Matter of Harry W. FOSTER.

### No. 02S00–0307–DI–317.

Supreme Court of Indiana.

June 3, 2004.

### ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE

Pursuant to Ind.Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below:

**Facts:** A client hired the respondent to represent him in a dissolution for an agreed fee of $150 per hour. Over the course of the representation, the client paid to the respondent about $11,500 in hourly fees. During the representation, federal and state authorities began investigating the client. Beginning on about June 15, 2002, the respondent rendered legal services to the client in relation to the investigation, including discussing the matter with a deputy prosecutor and the investigating detective and reviewing possible evidence. The client hired the respondent to represent him against the criminal allegations on November 26, 2001. The respondent had the client sign a fee agreement whereby the client would pay a "nonrefundable flat fee of $10,000, plus expenses" in return for the respondent's representation of him with regard to two felony charges of child molesting. The client and his mother paid the respondent's fee on November 26, 2001.

Two formal charges of child molesting were filed against the client on January 12, 2002. The client was arrested on January 15, 2002 and posted a surety bond of $30,000. The respondent filed an appearance on January 16, 2002; an initial hearing was conducted the next day. Two weeks later, the client fired the respondent. The client requested return of the $10,000 he had paid, but the respondent did not promptly comply, nor did he promptly provide an accounting relating to the expenditure of his legal services on behalf of the client. After the verified complaint was filed in this disciplinary matter, the respondent provided an itemization of the time and expenses for services rendered in both the dissolution and criminal matter. The respondent later refunded to the client $2,700 as an "unearned and unreasonable" fee.

**Violations:** The respondent violated Ind.Professional Conduct Rule 1.16(d), which provides that, upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, including surrendering papers and property to which the

client is entitled and refunding any advance payment of fee that has not been earned. The respondent has stipulated that he violated Prof.Cond.R. 1.5(a), which precludes lawyers from charging clients unreasonable fees. We express no opinion as to whether the agreed facts, which reflect that the respondent characterized his fee as a "nonrefundable flat fee," clearly and convincingly support a finding of unreasonable fee absent the respondent's stipulation to the violation.

**Discipline:** Public reprimand.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. Costs of this proceeding are assessed against the respondent. The Clerk is directed to provide notice of this order to the hearing officer in this matter, the Hon. William Fee, and to all parties as directed by Admis.Disc.R. 23(3)(d).

All Justices concur.